IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WORDTECH SYSTEMS, INC., | No. C 09-04612 SI |
| Plaintiff, | **ORDER DENYING DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING REEXAMINATION** |
| v. | |
| MICROBOARDS MANUFACTURING, LLC, et al., | |
| Defendants. | |

Defendants' motion to stay proceedings pending reexamination of the patents-in-suit is currently set for oral argument on April 30, 2010. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing. Having considered the papers submitted, and for good cause shown, the Court hereby DENIES defendants' motion.

**BACKGROUND**

Plaintiff Wordtech Systems, Inc. is the owner of U.S. Patents No. 6,141,298; 6,532,198; 6,822,932; and 7,145,841. Second Amended Complaint ("SAC") ¶¶ 13-18. Plaintiff's patents all relate to a programmable self-operating compact disk duplication system patented by plaintiff's president, David Miller. *Id.* ¶ 17. On September 30, 2009, plaintiff filed a complaint for patent infringement against defendants Microboards Manufacturing LLC, Microboards Technology LLC, and Octave Systems. *Id.* ¶ 21. On January 6, 2010, plaintiff filed its SAC, in which it added two additional defendants, Vinpower, Inc. and Disc Makers, Inc.

In December 2009, Vinpower petitioned the United States Patent and Trademark Office ("PTO")

for reexamination of the four patents-in-suit. Vinpower's petitions were based upon a compact disk duplication device, the ALW-501 device, that was created in 1995 by a third party. *See* Sato Decl. ¶ 2, Pltf. Ex. 12. Since plaintiff's patents were secured no earlier than October 2000, Vinpower's petitions sought to challenge the validity of the four patents-in-suit based on the existence of prior art.[1] In February 2010, the PTO granted defendant Vinpower's request to reexamine the four patents at issue, citing a "substantial new question of patentability" with respect to each patent. *See* Notice of Reexamination Request Status (Docket No. 33).

Presently before the Court is defendants' motion to stay proceedings pending the PTO's reexamination of the patents-in-suit.

**LEGAL STANDARD**

District courts have the discretion to stay proceedings pending the PTO's consideration of a reexamination petition, although "there is no per se rule that patent cases should be stayed pending reexaminations." *Esco Corp. v. Berkeley Forge & Tool, Inc.*, No. 09-1635, 2009 WL 3078463, at *2 (N.D. Cal. Sep. 28, 2009) (internal quotation marks and citation omitted). Courts look to three factors when considering whether to grant a stay: (1) whether discovery is complete and/or a trial date has been scheduled; (2) whether the stay would simplify matters at issue before the court; and (3) whether the stay would unduly prejudice the non-moving party. *Telemac Corp. v. Teledigital, Inc.*, 450 F. Supp. 2d 1107, 1111 (N.D. Cal. 2006).

**DISCUSSION**

The first issue to be considered in determining whether to grant a stay pending reexamination is whether a substantial amount of discovery has been conducted or the case is otherwise at an advanced stage. *Telemac*, 450 F. Supp. 2d at 1111. In this case, no discovery has been conducted and no trial date has been set. The Court has not even held an initial case management conference with the parties. These facts weigh in favor of granting a stay.

---

[1] "Any person at any time may file a request for reexamination by the [USPTO] of any claim of a patent on the basis of any prior art . . . ." 35 U.S.C. § 302.

The second and third factors to be considered, however, weigh against granting a stay. Defendants assert that the PTO reexamination process could "narrow[], whittle[] or even completely invalidate[] the patents" in issue in this case, and that a stay will therefore simplify the issues that this Court must decide. Additionally, defendants argue that even if any of plaintiff's infringement claims survive, the PTO reexamination will clarify the scope of any remaining claims and provide this Court with guidance in understanding the prior art. The Court is not persuaded by defendants' position. Under governing case law, "A patent is presumed to be valid, and this presumption only can be overcome by clear and convincing evidence to the contrary." *Enzo Biochem, Inc. v. Gen-Probe Inc.*, 424 F.3d 1276, 1281 (Fed. Cir. 2005) (citation omitted). Defendant essentially asks the Court to stay these proceedings on the unsupported presumption that the patents-in-suit will be invalidated. Additionally, as plaintiff points out, this case involves several counterclaims that are outside the scope of reexamination, and in any event the Court may resolve the issues related to the prior art without a ruling from the PTO. Therefore, the Court finds that the potential simplification of issues does not weigh in favor of a stay.

Additionally, the Court finds that staying these proceedings pending the PTO's reexamination would result in undue prejudice to plaintiff. First, plaintiff asserts, and defendant does not deny, that reexamination may take as long as three years. Although the "delay inherent in the reexamination process does not constitute, by itself, undue prejudice," delay is certainly a factor to be considered. *Esco Corp.*, 2009 WL 3078463, at *3. Second, plaintiff asserts that the inability to conduct discovery during reexamination will deprive it of the opportunity to effectively challenge the alleged prior art in the reexamination proceedings, as it could do in defending against defendants' counterclaims in this Court. The Court agrees that it will be beneficial to all parties to develop the fullest possible record in relation to the claims and counterclaims in this action. Finally, plaintiff argues that defendants have sought reexamination in order to gain a tactical advantage in this litigation. In addition to the discovery-related concerns identified above, the Court notes that although defendants have been aware of plaintiff's infringement claims since at least August 2008, when plaintiff commenced a prior action in this district for infringement of the same four patents at issue in this case, defendants did not seek reexamination

3

until December 2009.[2]  Defendants fail to explain this delay.

Because a stay will not substantially simplify the issues this Court must decide and would unduly prejudice plaintiff's ability to prosecute this case, the Court DENIES defendants' motion for a stay.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby DENIES defendants' motion to stay pending reexamination.  (Docket No. 37).

**IT IS SO ORDERED.**

Dated: April 22, 2010

SUSAN ILLSTON
United States District Judge

---

[2] Defendant Vinpower, the party that filed the petition for reexamination, was undisputedly involved in the prior action, *Wordtech Systems, Inc. v. Microtech Systems, Inc.*, No. 08-4027 MHP.